IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRIAN NICHOLS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-14-3611 |
| CARRIAGE HOUSE CONDOMINIUMS AT PERRY HALL FARMS, INC., *et al.*, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Brian Nichols ("Nichols" or "Plaintiff") filed the subject action against Defendants Carriage House Condominiums at Perry Hall Farms, Inc. ("Carriage House") and Residential Realty Group, Inc. ("Residential Realty") (collectively, "Defendants"), alleging violations of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, and the parallel Maryland housing discrimination law, Md. Code Ann., State Gov't, § 20-701, *et seq.* Nichols claims that Defendants discriminated and retaliated against him in denying his request for a modification to accommodate his disability.

Currently pending before this Court are Defendants' Motion to Dismiss (ECF No. 7) and Defendants' Motion to Dismiss the Amended Complaint (ECF No. 11). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, Defendants' Motion to Dismiss (ECF No. 7) is MOOT[1] and Defendants' Motion to Dismiss the Amended Complaint (ECF No. 11) is GRANTED.

---

[1] As this Court is granting Defendants' Motion to Dismiss the Amended Complaint, Defendants' original Motion to Dismiss is moot. Defendants' grounds in support of its Motion to Dismiss the Amended Complaint are

BACKGROUND

In a ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the plaintiffs. *See, e.g.*, *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

In 2001, Nichols purchased a condominium from Carriage House and Residential Realty in Perry Hall, Maryland. Amended Compl. ¶ 6, ECF No. 10. Nichols suffers from a variety of illnesses and disorders, including osteoarthritis, gout, and an "anxiety-based[] driving disorder." *Id.* ¶¶ 7,8, 12. These illnesses have severely reduced his mobility, requiring Plaintiff to use a cane, crutches, and a wheelchair. *Id.* ¶ 10. Due to his anxiety, he does not drive, and thus relies on friends and co-workers for transportation. *Id.* ¶ 12.

The present action stems from Plaintiff's October 13, 2010 letter to Carriage House[2] asking to modify his driveway to accommodate his disability.[3] *Id.* ¶ 29. Two weeks after submitting this request, Nichols filed a housing discrimination complaint against Defendants with the United States Department of Housing and Urban Development ("HUD").[4] *Id.* ¶ 30.

---

identical to those raised in its original Motion to Dismiss, with the addition of a response to Plaintiff's attempt to cure the timeliness issue in the Amended Complaint. This Court will thus refer to arguments made in both Motions.

[2] Although Nichols names both Carriage House and Residential Realty as defendants, he does not distinguish between Defendants when describing the alleged events. Defendants collectively moved to dismiss, and this Court will treat them as one.

[3] Plaintiff includes in his Complaint allegations related to a 2005 application for a driveway extension that Defendants approved in April 2005. *Id.* ¶ 21. Nichols alleges that he did not begin the construction of the driveway extension until December 2007 due to a complicated surgery on his ankle. *Id.*¶¶ 22-24. A month later, , Defendants sent Plaintiff a cease and desist order to halt any further construction. *Id.* ¶ 26. As grounds for the order, Defendants asserted that Plaintiff had failed to begin construction on the driveway within six months of the approval of the request. *Id.* The parties litigated this dispute in Circuit Court for Baltimore County and the Maryland Court of Special Appeals, which ultimately ruled in favor of Defendants. *Id.* ¶¶ 27-28. Nichols was ordered to remove the driveway extension and pay attorneys' fees of $66,683.00. *Id.* ¶ 28. The issues stemming from Nichols's 2005 application, however, are unrelated to the present action. It appears that Plaintiff includes these allegations merely as background information.

[4] Plaintiff cross-filed his complaint with the Maryland Commission on Civil Rights. In the Complaint (and unchanged in the Amended Complaint), he confuses the case numbers of the discrimination complaint related to

Nichols claimed that Defendants "unlawfully denied his requests for reasonable accommodations." *Id.* On November 17, 2010, counsel for Carriage House sent Nichols a letter denying his October 13 request. *Id.* ¶ 31. The letter noted that Plaintiff "[had] not ever requested a reasonable modification due to [his] claimed handicap, [Carriage House] has decided to treat [his] cover letter dated October 13, 2010 and accompanying Exterior Alteration Application as a request for a reasonable modification of the driveway adjacent to your Unit under the Fair Housing Act." *Id.* ¶ 32. Counsel for Carriage House thus requested that Nichols provide documentation of his claimed disability and an explanation of the nexus between the disability and the modification in question. *Id.* ¶ 33. Carriage House holds the position that, once Plaintiff had provided the requisite documentation, Carriage House would consider approval of a modification of 156 inches, as set forth by the Americans with Disability Act Accessibility Guidelines (the "Guidelines"). *Id.* ¶ 34.

After Nichols provided the requested disability documentation, the parties attended a fact-finding conference before the Maryland Commission on Civil Rights (the "Commission") on February 29, 2012. *Id.* ¶¶ 39-40. During the conference, Nichols alleges that Carriage House offered to approve an extension of 156 inches in exchange for a release of Carriage House's liability. *Id.* ¶ 45. On March 22, 2012, the Commission issued its written findings. *Id.* ¶ 41. The Commission concluded that Defendants "could have reasonably concluded that [Nichols] intended to pay for the modifications when he initially submitted his application in 2010," even though he made no explicit offer. *Id.* ¶ 42; *see also* Defs.' Mot.

---

the October 13, 2010 modification request with the case numbers of an unrelated discrimination complaint filed on December 20, 2011. *See* Mem. in Supp. of Defs.' Mot. to Dismiss, 3 n.1, ECF No. 7-1; *see also* Mot. to Dismiss Ex. B, ECF No. 7-3 (Written Finding by Maryland Commission on Civil Rights, March 22, 2012); Compl. ¶ 38.

to Dismiss Ex. B, ECF No. 7-3. The Commission noted, however, that Plaintiff refused to pay for the modification during the fact-finding conference.[5] Defs.' Mot. to Dismiss Ex. B, at 5.

Additionally, the Commission found that the circumstances did not support the approval of Nichol's request for a modification that would include a second parking space, beyond the 156 inches set by the Guidelines. Compl. ¶ 43. Plaintiff refused to accept a modification of 156 inches, instead asserting that he required a driveway of 228 inches that would accommodate the vehicles of persons transporting him. *Id.* ¶¶ 43-44; *see also* Defs.' Mot. to Dismiss Ex. B, at 5. At the present time, Nichols remains without a handicap-accessible parking space or a handicap-accessible aisle.

Plaintiff filed the subject action on November 17, 2014 seeking $100,000,000 in compensatory damages, punitive damages, and an order permitting the installation of his requested modified driveway. Defendants subsequently moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defs.' Mot. to Dismiss, ECF No. 7. Instead of filing a response to Defendants' Motion, Nichols filed an Amended Complaint (ECF No. 10), attempting to cure the timeliness issues highlighted by Defendants in their Motion.[6] Defendants again moved to dismiss the Amended Complaint (ECF No. 11).

---

[5] As will be discussed below, a court may consider documents attached to a defendant's motion to dismiss if that document "was integral to and explicitly relied on in the complaint and if the plaintiff[] do[es] not challenge its authenticity." *Pasternak & Fidis, P.C. v. Recall Total Information Management, Inc.*, --- F. Supp. 3d ----, 2015 WL 1405395, *4 (D. Md. Mar. 25, 2015) (quoting *Tucker v. Specialized Loan Servicing, LLC*, --- F. Supp. 3d ----, 2015 WL 452285, *8 (D. Md. Feb. 3, 2015)). Nichols explicitly quotes and refers to the Commission's written findings in his Complaint. He also does not dispute the authenticity of the attachment. This Court thus may consider the written findings, as attached to Defendants' Motion to Dismiss.

[6] The Amended Complaint is identical to the Complaint, with the additions of allegations that: (1) Plaintiff submitted a letter to Residential Realty requesting "handi-cap accessibilities" on June 10, 2014; (2) Defendants

...

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept

---

approved the request by a return letter, subject to the terms and conditions set forth by the November 17, 2010 letter (*e.g.* permitting a modification of 156 inches, not Plaintiff's requested 228 inches); (3) the approval was, according to Nichols, actually a denial, as he required a larger modification than that approved; and (4) an assertion that Defendants "have continuously denied Plaintiff's ongoing requests for an accommodation since at least November 2010." Amend. Compl. ¶¶ 52-56. Although Nichols filed the Amended Complaint with neither the consent of Defendants nor leave of court, this Court will include the additional allegations in its consideration of Defendants' Motions.

legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.  Although a "plaintiff need not plead the evidentiary standard for proving" her claim, she may no longer rely on the mere possibility that she could later establish her claim. *McCleary-Evans v. Maryland Department of Transportation, State Highway Administration*, --- F.3d ---, 2015 WL 1088931, *11-12 (4th Cir. 2015) (emphasis omitted) (discussing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) in light of *Twombly* and *Iqbal*). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  While the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim.  It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)).  In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679.  "At bottom, a plaintiff must nudge [its] claims across the line from conceivable to plausible to resist dismissal." *Wag More Dogs, LLC*, 680 F.3d at 365 (internal quotation marks omitted).

ANALYSIS

Defendants move to dismiss the subject Amended Complaint on two grounds. First, they contend that the applicable statute of limitations bars Nichols's claims, as he filed this lawsuit more than two years after the alleged discriminatory acts occurred. Second, Defendants argue that Nichols fails to state claims for which relief may be granted under the Fair Housing Act and the parallel Maryland law. Each argument will be addressed in turn.

**A. Limitations**

Under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, a private person must file his action "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, . . . whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice . . . ."[7] 42 U.S.C. § 3613(a)(1)(A). The calculation of the limitations period excludes "any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(B). If the claimed discrimination is a "continuing violation," then the limitations period is triggered upon the "last asserted occurrence" of discrimination. *Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc.*, 40 F. Supp. 2d 700, 710 (D. Md. 1999) (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 381 (1982)).

In this case, the latest occurrence of alleged discrimination is Carriage House's denial of Nichols's modification request on November 17, 2010. Assuming that the Commission's fact-finding conference tolled the limitations period, the period again began to run on March

---

[7] Maryland law applies the same two-year limitations period to state law housing discrimination claims. Md. Code Ann., State Gov't, § 20-1035(b)(1).

22, 2012, the date of the issuance of the written findings. Plaintiff, however, filed the subject action on November 17, 2014, over two years after the limitations period commenced.

Moreover, Nichols alleges no recent acts of discrimination to demonstrate an ongoing violation that could cure the timeliness issue. A court's review of a motion to dismiss under to Rule 12(b)(6) generally is "limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, --- F.3d ----, 2015 WL 1137142, *7 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)). A court, however, may consider documents attached to a defendant's motion to dismiss if that document "was integral to and explicitly relied on in the complaint and if the plaintiff[] do[es] not challenge its authenticity." *Pasternak & Fidis*, --- F. Supp. 3d ----, 2015 WL 1405395, at *4.

As discussed above, Plaintiff filed the Amended Complaint to include allegations that Defendants denied his June 10, 2014 "request" for a modification of his driveway. Amend. Compl. ¶¶ 52-55. Yet, Nichols's June 10, 2014 letter does not refer to any specific "handicap accessibilities," let alone the driveway modification at issue here. Defs.' Mot. to Dismiss the Amend. Compl. Ex. D, ECF No. 11-5. Further, Defendants' response merely asks Nichols to submit any such requests in accordance with Carriage House rules. Defs.' Mot. to Dismiss the Amend. Compl. Ex. E, ECF No. 11-6. Thus, the letters that are integral to and explicitly mentioned by Nichols in the Amended Complaint simply do not demonstrate any recent or ongoing discrimination. Plaintiff's claims remain a single untimely "occurrence" of

discrimination. The additional allegations of the Amended Complaint cannot render his claims timely.

### B. Failure to State a Claim

Had Nichols timely filed the present action, his claims under the FHA and parallel state law fail to state claims for which relief may be granted.[8] The FHA prohibits discrimination against "any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of . . . that person[.]" 42 U.S.C. § 3604(f)(2)(A). This discrimination includes: (1) "a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied . . . by such person if such modifications may be necessary to afford such person full enjoyment of the premises[;]" and (2) "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[.]" 42 U.S.C. § 3604(f)(3)(A)-(B). The FHA clearly prohibits certain discrimination in the provision of housing, but it only requires modifications and accommodations that present a handicapped person with "an equal opportunity to use and enjoy a dwelling." *Bryant Woods Inn, Inc. v. Howard County*, 124 F.3d 597, 605 (4th Cir. 1997).

In this case, Nichols has stated neither a modification claim nor an accommodation claim under the FHA. Regarding the modification claim, he never states that he will pay for the requested modification. In fact, he specifically refused to pay during the fact-finding

---

[8] The state law provisions upon which Plaintiff relies essentially mirror the protections and prohibitions of the FHA. *Compare* Md. Code Ann., State Gov't, §§ 20-706(b)(1)-(4), *with* 42 U.S.C. §§ 3604(f)(2)-(3). His state law allegations thus fail to state claims for which relief may be granted for the same reasons his federal claims fail.

conference convened by the Maryland Commision on Civil Rights. Plaintiff claims that Defendants could have "inferred" a willingness to pay, but provides no facts to support such a statement. Even if such an inference could be made, the plain language of Section 3604(f)(3)(A) requires, as a prerequisite, that the modification be made at the plaintiff's expense. Nichols thus does not state a claim for a reasonable modification under the FHA.

Turning next to the accommodations claim, Nichols does not refer to any "rules, policies, practices, or services" from which he requested an accommodation. He desires a driveway extension of 228 inches, which is certainly a "modification[] of existing premises," but points to no "rules, policies, practices, or services" from which he needs relief. Plaintiff's allegations concern a request for a reasonable modification, not a request for a reasonable accommodation. He thus fails to state an accommodation claim under the FHA.

In sum, Nichols's claims are untimely and deficient under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, his Complaint is DISMISSED.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 7) is MOOT and Defendants' Motion to Dismiss the Amended Complaint (ECF No. 11) is GRANTED.

A separate Order follows.

Dated:       July 15, 2015                /s/_____

                                                                       Richard D. Bennett
                                                                       United States District Judge